IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE JOHNSON | : | |
| Petitioner | : | |
| v | : | Civil Action No. WDQ-05-311 |
| EASTERN CORRECTIONAL INSTITUTION AT WESTOVER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : | |
| Respondents | : | |

. . . .o0o. . . .

## MEMORANDUM

On February 15, 2005, this Court issued an Order to Show Cause why the above-captioned Petition for Writ of Habeas Corpus should not be granted. Paper No. 4. On April 12, 2005, Respondents filed an Answer to the Petition, accompanied by Petitioner's commitment records and a list that allegedly tallies Petitioners diminution of confinement credits. Paper No. 9. Petitioner has filed a Reply to the Answer, arguing that Respondents have not adequately documented their assertions regarding the revocation of his diminution of confinement credits. Paper No. 10. For the reasons set forth more fully below, Respondents will be required to supplement their Answer.

Petitioner contends that he was released under mandatory parole supervision[1] which was subsequently revoked by the Maryland Parole Commission based on new criminal offense committed by Petitioner. Paper No. 3. He alleges that the revocation decision included rescission of 971 days of good conduct credit. Papers No. 3 and 10. Respondents contend that Petitioner has never been released under mandatory parole supervision and that he has lost 971

---

[1] Petitioner does not specify when he was released.

days of good conduct credit due to institutional infractions. Paper No. 9 at p. 4. The only document attached to the Answer in support of that contention reflects a cumulative revocation of 971 days of good conduct credit. *Id*. at Ex. 5. There is nothing indicating what authority led to revocation of the diminution of confinement credits or the reason they were revoked.

Petitioner, of course, disputes that the good conduct credits were revoked due to infractions. Paper No. 10. Because it can not be discerned from the papers submitted why Petitioner's diminution of confinement credits have been revoked, Respondents will be required to supplement their answer with either (1) a verified account of each infraction Petitioner received and the resulting penalties imposed, or (2) copies of each institutional adjustment decision reflecting the penalty imposed. Respondents will be granted 20 days within which to file the supplement to their answer. A separate Order follows.

| | |
|---|---|
| \_\_\_5/13/2005_____ | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |