**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GEORGE JOHNSON | : | |
| Petitioner | : | |
| v | : | Civil Action No. WDQ-05-311 |
| EASTERN CORRECTIONAL INSTITUTION AT WESTOVER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : | |
| Respondents | : | |

. . . .o0o. . . .

**MEMORANDUM**

On May 13, 2005, this court issued an order requiring respondents to supplement their answer to the above-captioned petition for writ of habeas corpus.[1]  Paper No. 14.  Specifically, respondents were directed to provide a detailed record regarding the revocation of petitioner's diminution of confinement credits.  Paper No. 13.  On June 7, 2005 respondents filed a supplemental answer along with certified records detailing the dates of the institutional rule violations which were the basis for revocation of petitioner's diminution of confinement credits.  Paper No. 16, Ex. 1B at pp. 1– 23.  After review of these papers, the Court finds no need for an evidentiary hearing and shall deny petitioner's motion for a hearing in this case.  *See* Local Rule 105.6 (D. Md. 2004).

Petitioner alleges that he was released under mandatory parole supervision[2] which was subsequently revoked by the Maryland Parole Commission based on new criminal offense

---

[1]  Construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Paper No. 4.

[2]  Petitioner does not specify when he was released.

committed by Petitioner.  Paper No. 3.  He alleges that the revocation decision included rescission of 971 days of good conduct credit.  Papers No. 3 and 10.  Respondents contend that Petitioner has never been released under mandatory parole supervision and that he lost 971 days of good conduct credit due to institutional infractions.[3]  Paper No. 9 at p. 4.  From the period of September 15, 1993 through April 2, 2005 petitioner has been found guilty of violating institutional rules on 23 occasions.[4]  Paper No. 16 at Ex. 1B.

    To the extent that petitioner contends that his diminution of confinement credits were revoked in violation of his due process rights, his claim has not been properly exhausted and must be dismissed.  There is an administrative remedy procedure in place to challenge the validity of institutional adjustment hearings.  *See* Md. Corr. Serv. Code Ann. § 10-206.  An appeal to the state circuit court is available if the relief sought is not provided.  *See* Md. Rule 7-201, *et seq.*  Additionally, where the claim is that the alleged error has caused petitioner to remain incarcerated past the date when he should have been released, a petition for writ of habeas corpus in the appropriate state court is available.  *See Lomax v. Warden, Maryland Correctional Training Center*, 356 Md. 569, 575, 741 A. 2d 476, 479 (1999).  Petitioner has not presented any evidence that he has pursued any of these available state remedies.

---

[3] The total number of days revoked appears to be 1,135 days.  *Id*.  Once all of petitioner's good conduct credit was revoked, however, no further revocations took place.  *Id*. at pp. 1 and 20.  Pursuant to Md. Corr. Serv. Code Ann. § 3-704, petitioner was awarded 971 days of good conduct credits on his term of confinement.  Paper No. 9 at Ex.5.  Petitioner's term of confinement commenced on November 13, 1992 and expires on January 20, 2009.  *Id*. at Ex. 1 and 4; *see* Md. Corr. Serv. Code Ann.§ 3-701 defining "term of confinement."

[4] Petitioner was found guilty of violating Rule 103 on ten separate occasions.  That rule prohibits inmates from engaging in acts of violence toward another person, including assault, battery, holding another person hostage, or killing another person.  *See* Division of Correction Directive 100-12.  Each of the documented rule violations resulted in segregation time as well as rescission of good conduct credit.  Paper 16 at Ex. 1B.

To the extent that petitioner's claim includes an allegation that a violation of state law regarding the award or rescission of good conduct credit has occurred, the claim does not present a federal issue. Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970).  Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)).  A dispute over diminution credits does not rise to this level.[5] *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976).

Accordingly, the petition for writ of habeas corpus shall be denied by separate order which follows.


September 1, 2005              _____/s/_____
Date                            William D. Quarles, Jr.
                                United States District Judge

---

[5] If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998).